KENTUCKY BAR ASSOCIATION, Complainant,

v.

George SALEM, Jr., Respondent.

Supreme Court of Kentucky.

May 5, 1981.

Leslie G. Whitmer, Dir., Michael M. Hooper, Asst. Dir., Kentucky Bar Ass'n, Frankfort, for complainant.

George Salem, Jr., pro se.

## OPINION AND ORDER

Respondent is charged with one instance of unprofessional and unethical conduct tending to bring the bench and bar into disrepute. SCR 3.370.

On October 18, 1978, respondent was appointed Warning Order/Military Attorney in a dissolution of marriage proceeding in the Jefferson Circuit Court by Judge Earl O'Bannon, Jr. When respondent's delay in filing his warning order attorney report impeded the progress of the action, letters were written to him by the attorney for Deborah Webb (the party bringing the dissolution action) in March, July, October and November of 1979 requesting that the re-

port be filed. The letters were not responded to and the report was not filed.

Thereafter on January 9, 1980, Ms. Webb's attorney moved Jefferson Circuit Court to order respondent to file his report within five days. This motion came on for hearing January 21, 1980. Respondent did not appear or respond and the motion ordering him to file the report was granted and an order entered the same day. The warning order attorney report was still not filed.

On May 8, 1980, Ms. Webb's attorney made a motion in Jefferson Circuit Court to enter an order holding respondent in contempt because of his persistent failure to file the report. When this motion came on for hearing May 12, 1980, respondent again did not appear or respond.

On May 14, 1980, Judge O'Bannon mailed a letter to respondent notifying him to appear in Jefferson Circuit Court on June 2, 1980, to show cause why he should not be held in contempt. Respondent did not reply to the letter and did not appear in court on June 2.

It appears that because of respondent's change of address, he did not receive all of the items of correspondence sent to him concerning this matter. However, it is clear from sufficient evidence that he was notified of the charge by the Bar Association on at least two occasions. There was no response to the charges.

The respondent having filed no notice of review, this court hereby adopts the decision of the Board finding him guilty of unethical and unprofessional conduct pursuant to SCR 3.370(8). Accordingly, the respondent is hereby publicly reprimanded and the costs of this action are assessed against him.

All concur.

ENTERED May 5, 1981.
/s/ <u>John S. Palmore</u>
Chief Justice